388 A.2d 311

OVERMONT CORPORATION, Appellant,

v.

BOARD OF TAX REVISION OF the CITY OF PHILADELPHIA et al., Appellees.

Supreme Court of Pennsylvania.

Argued April 13, 1978.

Decided June 2, 1978.

Rehearing Denied July 20, 1978.

250

Blank, Rome, Klaus & Comisky, Richard M. Rosenbleeth, Norman Perlberger, Philadelphia, for appellant.

James M. Penny, Jr., Asst. City Sol., Sheldon L. Albert, City Sol., Agostino Cammisa, Edgar R. Einhorn, Philadelphia, for appellees.

, Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

LARSEN, Justice.

In 1963, the Philadelphia College of Osteopathic Medicine (herein referred to as PCOM), a tax exempt institution since its inception, decided to build a residence for senior citizens on a portion of its property. In order to expedite the paperwork inherent in applying for the financing needed for the project, PCOM, in 1966, created appellant Overmont Corporation, a separate non-profit corporation which would construct and operate the residence. On September 8, 1972, PCOM sold a portion of its property to appellant; this property was tax exempt during the period of time that it was owned by PCOM. The construction of the residence commenced shortly thereafter on this site and on May 29, 1974, the residence was completed.

On November 9, 1972 and again on December 24, 1973, appellee, the Board of Tax Revision of the City of Philadelphia assessed real estate taxes on appellant's property for 1973 and 1974, the years that the residence was being constructed. Upon receiving these assessments, appellant filed timely applications for tax exemptions with appellee; appellee denied these applications for exemptions. Appellant appealed appellee's decision to the Philadelphia Court of Common Pleas, which held that appellant was exempt from

the real estate taxes for the years in question. Appellee appealed the decision of the Court of Common Pleas to the Commonwealth Court, which held that appellant was not exempt from said taxes. Appellant then petitioned this Court for an allowance of appeal, which was granted.

Appellant claims that it qualifies for an exemption from the real estate taxes under the General County Assessment Law, Act of May 22, 1933, P.L. 853, article II, § 204, *as amended,* 72 P.S. § 5020–204(a)(9) (1977–78 Supp.) which exempts from local taxation "all real property owned by . . . institutions of purely public charity, [that is] used and occupied . . . by such . . . owners . . . and necessary for the occupancy and enjoyment of such institutions . . . [1]." Appellee contends that appellant was not entitled to the exemptions because during the period of time that the building is under construction, such property is not actively being *"used"* for charitable purposes.

We hold that when a charity is constructing facilities, that charity is *"using"* its property for charitable purposes so as to come within the scope of the General County Assessment Law. To hold otherwise would tend to impede the purposes for which the tax exemption was created.

The order of the Commonwealth Court is reversed and appellee is ordered to grant real estate tax exemptions to appellant for 1973 and 1974.

EAGEN, C. J., and ROBERTS and MANDERINO, JJ., did not participate in the consideration or decision of this case.

POMEROY and NIX, JJ., concurred in the result.

1. The General County Assessment Law was enacted pursuant to Article 8, Section 2(a) of the Pennsylvania Constitution which provides that "the General Assembly may by law exempt from taxation: . . . (v) Institutions of purely public charity, but in the case of any real property tax exemptions only that portion of real property of such institution which is actually and regularly used for the purposes of the institution."