405 A.2d 879

In the Matter of the ESTATE of Francis (or) Francis J.
PENTRACK, Late of the Borough of Westmont,
Cambria County, Pennsylvania.

APPEAL of Francis G. OZOG, Administrator of the Estate of
Francis (or) Francis J. Pentrack, Deceased, and Francis G.
Ozog, in his individual capacity.

Supreme Court of Pennsylvania.

Argued March 8, 1979.

Decided May 30, 1979.

Reargument Denied Sept. 28, 1979.

R. P. Pawlowski, Johnstown, for Francis G. Ozog, Adm. of Est. of Francis J. Pentrack, etc.

Joseph D. Messina, Johnstown, for Francis G. Ozog in his individual capacity.

Richard J. Russell, Johnstown, for Raymond J. Pentrack.

Marlin B. Stephens, Johnstown, for Patricia Davies and Richard H. Pentrack.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal involves the estate of Francis J. Pentrack of Westmont, Cambria County, who died intestate on September 18, 1973. Decedent's nephew, Francis G. Ozog, appellant here, was appointed administrator. Decedent and appellant were associated in the operation of a funeral home.

During the administration of the estate, appellant filed a petition for a declaratory judgment as to two questions:

1. Whether the title to certain real estate was legally conveyed by the decedent to his brother and his brother's wife, Raymond and Margaret Pentrack.

2. Whether the business relationship between appellant and decedent constituted a partnership.

In addition, the intestate heirs of decedent, Raymond Pentrack, his brother, Richard R. Pentrack, his nephew and Patricia Pentrack Davies, his niece, filed a petition with the Orphans' Court division of the Court of Common Pleas of Cambria County to have appellant removed as administrator of the estate. The basis of the removal petition was an alleged conflict of interest concerning appellant's interest in the operation of the funeral home and his capacity as administrator of the estate.

These matters were heard by the Orphans' Court division of the Court of Common Pleas of Cambria County. The court held there was no gift of the real estate back to Raymond Pentrack and his wife, there was no partnership, and there was no basis for removing appellant as administrator. Exceptions were filed and heard by a court en banc, which held there was a gift of the real estate, decedent and appellant were partners, and appellant therefore had a conflict of interest requiring his removal as administrator. Appellant appeals the order of the court en banc.

We will first determine whether decedent completed a gift of real estate to Raymond and Margaret Pentrack.

Decedent's brother and sister-in-law, Raymond and Margaret Pentrack, conveyed property to decedent by a deed in April, 1962. The deed was never recorded. Several months

before he died, decedent gave the deed to appellant with instructions to destroy it on decedent's death. Appellant refrained from destroying it on advice of counsel. The question is whether the delivery and instructions completed a gift of the property back to Raymond and Margaret Pentrack.

Title to real estate may be passed by delivery of a deed without recording. *Malamed v. Sedelsky*, 367 Pa. 353, 80 A.2d 853 (1951). Therefore, title to the property in question was passed to the decedent.

We must next determine whether decedent's actions were sufficient to reconvey title to his brother Raymond and his wife Margaret Pentrack. We hold they were not. The Statute of Frauds, Act of April 22, 1856, P.L. 532, § 4, 33 P.S. § 2, provides that "All . . . grants . . [of real estate] shall be manifested by writing, signed by the party holding the title thereof, or by his last will in writing, or else . . . be void . . . ." An agreement to sell land not signed by the seller or an agent cannot be enforced against the seller. *Simon v. Beeck*, 300 Pa. 334, 150 A. 640 (1930). Since there was not a writing signed by decedent reconveying, the property remains in the estate.

The second issue is whether the association between decedent and appellant in the conduct of the funeral home constituted a partnership. The dispute as to whether decedent and appellant were partners in the funeral home centers around the interpretation of two agreements entered into on January 2, 1970. One agreement provided that appellant would purchase a one-half interest in the funeral home from decedent; both would share the profits equally; and the business, formerly known as the Francis J. Pentrack Funeral Home, would thereafter be known as the Pentrack-Ozog Funeral Home. The other agreement provided, *inter alia*, that appellant would purchase the premises and equipment of the business; decedent would receive $1,000 per month for life for advisory and consulting services; and decedent would make the final decision on any matter involving the business in the event of disagreement between the parties. Appellant contends the second agreement di-

vested decedent of all interest in the business. Appellees argue the two agreements created a partnership.

██ Whether individuals are partners *inter sese* is a matter of intent. *Pappas v. Klutinoty,* 383 Pa. 184, 118 A.2d 202 (1955). We find no intention to create a partnership. The second agreement divested decedent of his interest in the business. Subsequent income tax returns show that only appellant reported income in the form of profits from the business. Decedent received the monthly payments provided for in the second agreement, reported them as wages, and did not share in the profit from the business. Under the circumstances, we find decedent intended to, and did convey the entire business to appellant.

We are satisfied that the Decedent had given up his ownership interest in the business. *Provident Trust Co. v. Rankin,* 333 Pa. 412, 5 A.2d 214 (1939).

██ The existence of a partnership was the basis for removing appellant as administrator. Since we find there was no partnership, we hold there was no basis for the removal and appellant may continue to serve as administrator.

The decree of the court en banc is reversed and the decree of the hearing judge is reinstated. Each party pay own costs.