546 A.2d 1129

**Thomas R. GRAHAM and Laura A. Graham, Husband and Wife, Appellees,**

**v.**

**Paul C. LYONS and Helen M. Lyons, his Wife and William H. Lyons and Paul G. Lyons II and Lynn C. Lyons and Samuel H. Lyons Their Heirs Personal Representatives, and Successors and Assigns Generally, Appellants.**

Superior Court of Pennsylvania.

Argued April 13, 1988.

Filed July 22, 1988.

Reargument Denied Sept. 28, 1988.

---

6

Burton L. Fish, Erie, for appellants.

Before ROWLEY, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

In this appeal we are asked to determine whether the trial court erred in failing to address the application of the Pennsylvania Recording Act to the facts in this quiet title action. On July 9, 1987 the trial court filed an opinion and order in favor of Plaintiffs–Appellees which granted Appellants' 30 days in which to take post-trial action. *See:* Pa.R.Civ.P., Rule 1066, 42 Pa.C.S.A. Within this time period a motion was filed containing the issue Appellants now seek to have reviewed on appeal, and a timely notice of appeal was filed.

The property in question which was used as a hunting camp was conveyed by Mr. and Mrs. Roscoe Mitchell to Appellees on January 6, 1971. The deed evidencing this conveyance was subsequently recorded. The trial court found that Mr. and Mrs. Mitchell's interest in the property was acquired on June 24, 1952 when Paul C. Lyons executed a deed to the property in return for a payment of $100.00. This deed was never recorded and was "lost" at the time of trial.[1]

Appellants, who claim to be the rightful owners of the property in question, contend that the trial court erred when it failed to take into account the fact that Mr. and Mrs. Lyons had conveyed the subject property to William C.

1. After the trial had concluded Appellee filed a Motion for Reconsideration indicating that the "lost" deed had been discovered. A deed evidencing a transfer from Mr. and Mrs. Lyons to Mr. and Mrs. Mitchell was filed in the record but was not considered by the trial court.

Lyons, Paul H. Lyons II, Lynn G. Lyons and Samuel H. Lyons on October 28, 1968, the deed to which was recorded the next day. Appellants maintain that the Pennsylvania Recording Act protects their title since the conveyance was set down in writing and was recorded prior to the transfer of the property to Appellees. *See:* 21 P.S. § 351.

The argument advanced by Appellants must be dismissed since it is based on the faulty premise that the subject property was transferred in the 1968 conveyance. The deed conveying property from Mr. and Mrs. Lyons to their sons contains the following reservation:

ALSO, EXCEPTING AND RESERVING five (5) campsites sold by Paul C. Lyons and Helen M. Lyons, his wife, to third parties totaling approximately eight (8) acres, more or less.

A title abstractor who testified at trial performed a title search and indicated that during his examination he discovered four recorded deeds transferring four different campsites. N.T. 6/11/86 at 66. None of the four deeds consisted of a transferred campsite from Mr. and Mrs. Lyons to Mr. and Mrs. Mitchell. The trial court concluded that the unrecorded "lost" deed executed in 1952 to Mr. and Mrs. Mitchell was the fifth campsite which was "excepted and reserved" in the conveyance from Mr. and Mrs. Lyons to their sons. Although this conveyance was not recorded, the recording of a deed is not essential to its validity or to the transition of title. *Fiore v. Fiore,* 405 Pa. 303, 174 A.2d 858 (1961). The title to real estate may be passed by delivery of a deed without undertaking a recording since the recording is essential only to protect by constructive notice any subsequent purchasers, mortgagees and new judgment creditors. *Matter of Pentrack's Estate,* 486 Pa. 237, 405 A.2d 879 (1979); *Malamed v. Sedelsky,* 367 Pa. 353, 80 A.2d 853 (1951). The question of whether Appellants had constructive notice that the property at issue was conveyed to the Mitchells is not at issue since Appellants deed contains an exception which excludes this property from the description of the land transferred by the Lyons to their sons.

■ Further, the fact that the deed conveying the property to the Mitchells was lost at the time of trial did not prevent the Appellees from submitting proof of its existence. "The standards for establishing by parol evidence the existence and contents of a lost deed are the same as those for establishing a parol sale or gift of land." *Manley v. Manley*, 238 Pa.Super. 296, 357 A.2d 641 (1976). A claimant must present evidence which is direct positive, express and unambiguous expressly defining all the terms and conditions of the contract and leaving nothing to guesswork or subject to misinterpretation. *Id.* While the existence and terms must be proven by clear and indisputable evidence, proof of the contents verbatim of the lost instrument is not necessary. *Wheatcroft v. Albert Company*, 407 Pa. 97, 103, 180 A.2d 216, 219 (1962).

In the instant case the trial court concluded, based upon sufficient evidence, that the property in question passed to the Mitchells, Appellees' predecessor in title, in 1952. The trial court was fortunate to have the benefit of the testimony of both parties involved in the transfer. The trial court placed great emphasis on the equivocal testimony of Mr. Lyons as to whether or not he gave a deed or personal license to the Mitchells in return for a payment of $100.00. The trial court also cited to evidence that the Lyons knew of construction at the campsite, knew of the transfer of the property to the Appellees, and yet he failed to bring an action in ejectment. Rather, Appellees instituted the subject action when during the course of a title search preparatory to a sale they discovered the "lost" deed was not recorded.

Since the property in question passed by means of a valid conveyance to Mr. and Mrs. Mitchell, who in turn transferred the property to Appellees, and since the deed executed in 1968 from the Lyons to their sons excludes from its description the property at issue, the trial court properly ruled in favor of Appellees in this quiet title action.

Order affirmed.