**SENIOR CITIZEN HEALTH CARE COUNCIL OF ERIE COUNTY, PENNSYLVANIA, INC.**

v.

**BOARD OF TAX ASSESSMENT APPEALS OF ERIE COUNTY, PENNSYLVANIA, Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 13, 1996.

Decided June 24, 1996.

Dan W. Susi, for appellant.

Evan E. Adair, for appellee.

Before KELLEY and FLAHERTY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

The Board of Tax Assessment Appeals of Erie County (Board) appeals from an order

---

of the Court of Common Pleas of Erie County that granted the appeal of the Senior Citizen Health Care Council of Erie County (Council) from a decision by the Board that denied Council's tax exemption status for the year 1995.

The parties entered into a stipulation of facts which provided that Council is a Pennsylvania non-profit corporation that is exempt from federal income taxation, that Council previously occupied a property owned by the City of Erie (City), that Council needed to relocate because of the sale of the City's property, that Council purchased a property formerly used as a physician's office, and that substantial renovations were required before Council could occupy the new premises.

The purchase took place on October 3, 1994, and Council immediately retained an architect to prepare plans and contract specifications for the renovation work. Because a federal community development block grant would provide funds, Council was required to advertise for bids, which it did, listing the deadline for submission of bids as December 16, 1994. When a third party challenged the bid proceedings, a resulting court order directed Council to revise specifications and re-advertise the bids in February, 1995.

In the interim, on December 22, 1994, Council had filed an application requesting exemption from real estate taxes for the property for the year 1995. A hearing before the Board was held on February 28, 1995. The Board issued a decision on March 6, 1995, denying Council's application for exemption. No explanation was provided by the Board for the denial.

Council appealed the Board's denial of its application for exemption to the trial court, basing its claim on Section 204 of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020–204(a)(9), which provides:

(a) The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:

. . . .

(9) All real property owned by one or more institutions of purely public charity, used and occupied partly by such owner or owners and partly by other institutions of purely public charity, and necessary for the occupancy and enjoyment of such institutions so using it.

The Board acknowledged that Council was a purely public charity, but explained that its position for denial of Council's application for exemption was based on the fact that as of January 1, 1995, the date of assessment for the year 1995, Council was not occupying the subject premises such that the premises was not, in the Board's view, necessary for the use and enjoyment of Council. Council, on the other hand, provided evidence of the need for renovation, and its actions immediately subsequent to its purchase, i.e., to obtain renovation plans after hiring an architect and the solicitation of bids.

The trial court granted Council's motion for summary judgment, relying on *Overmont Corp. v. Board of Tax Revision*, 479 Pa. 249, 388 A.2d 311 (1978), a case in which a non-profit corporation, engaging in the construction of a residence facility for senior citizens, was found to be using the property for charitable purposes. The *Overmont* court held that "when a charity is *constructing* facilities, that charity is 'using' its property for charitable purposes so as to come within the scope of the General County Assessment Law. To hold otherwise would tend to impede the purposes for which the tax exemption was created." *Id.* at 251, 388 A.2d at 312 (emphasis added).

The trial court here explained that it must take a practical approach in rendering a decision. Therefore, it reasoned that, because something must be done after purchase but before actual physical construction can begin, a good faith effort to commence developing the project for its intended use would entitle the applicant to the tax exemption.

 From the grant by the trial court of Council's request for summary judgment, the Board appealed to this Court,[1] raising the

---

1. Our scope of review over a trial court's grant of summary judgment is limited to determining

following issues: (1) whether the trial court erred in holding that retaining an architect and soliciting bids for renovation constituted construction under *Overmont;* and (2) whether actual construction must begin before taxes for the following year are assessed in order for the exemption to apply.

The Board argues that the trial court broadened the scope of *Overmont* when it held that the retaining of an architect and the soliciting of bids for renovation equated with the word "constructing." The Board contends that these preliminary steps do not equal construction. The distinction made by the Board is that in *Overmont* actual construction was occurring on the date of assessment and that here actual construction had not begun by January 1, 1995, the date of assessment. The Board further contends that the trial court's rationale, indicating that a good faith effort constituted construction, would leave uncertainty to prevail and that the better rule is that actual construction must occur. We disagree.

We believe that in *Overmont* the Supreme Court was not setting forth so narrow an interpretation of 72 P.S. § 5020–204(a)(9) as is contended by the Board. The trial court's application of the law as stated in *Overmont* to the facts here is reasonable and the Board's policy argument does not convince us otherwise. We question whether in the Board's view the delivery of a piece of construction equipment or of a load of bricks or of lumber to the site would equate with the *Overmont* court's use of the term "construction." By hiring an architect and soliciting bids Council has expended sufficient funds to overcome any question as to the speculative nature of the project. We, therefore, conclude that Council has met the requirements espoused in *Overmont* to entitle it to the tax exemption allowed under 72 P.S. § 5020–204(a)(9).

Accordingly, we affirm.

### ORDER

NOW, June 24, 1996, the order of the Court of Common Pleas of Erie County,

whether the trial court made an error of law or abused its discretion. *Salerno v. LaBarr,* 159 Pa.Cmwlth. 99, 632 A.2d 1002 (1993). Summary judgment should only be granted in a clear case

dated September 22, 1995, at Docket No. 11226–1995, is affirmed.

and the moving party bears the burden of demonstrating that no material issue of fact remains. *Id.* The record must be reviewed in the light most favorable to the non-moving party. *Id.*