## UPPER TULPEHOCKEN TOWNSHIP

### v.

## BERKS COUNTY BOARD OF ASSESSMENT APPEALS, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 2, 2004.

Decided Feb. 23, 2004.

---

Edwin L. Stock, Reading, for appellant.

James M. Lillis, Wyomissing, for appellee.

Thomas L. Wenger, Harrisburg, for amicus curiae, PA State Association of Township Supervisors.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

The Berks County Board of Assessment Appeals (Assessment Board) appeals from the August 22, 2003 order of the Court of Common Pleas of Berks County (trial

court) that granted the appeal of Upper Tulpehocken Township (Township) from a Board decision denying the Township's application for tax exempt status for tax parcel number 87–4432–11–77–1332 for the calendar year 2003. We affirm.

On October 22, 2002, the Township purchased 6.466 acres of property, located at Route 183 and Old Route 22, from the Zions United Church of Christ of Strausstown for the sum of $55,000. The deed for the property, however, was not recorded in the Berks County Recorder of Deeds Office until December 18, 2002.

Prior to September 1, 2002, the Township filed with the Assessment Board an application for exemption of real estate taxes. A hearing on the Township's application was held on December 5, 2002. As a result of that hearing, the Assessment Board granted the Township's application effective January 1, 2004 for the county and township taxes, and July 1, 2004 for school taxes.

The Township appealed to the trial court, which granted the Township's appeal and ordered that the property's tax exempt status was effective January 1, 2003 for county and township taxes, and July 1, 2003 for school taxes.

In this appeal, the Assessment Board argues that it properly deferred the tax exempt status of the property until 2004 because, as of the date of its hearing, 1) the deed to the property confirming the transfer of it to the Township had not been filed and 2), the property has not been used for its intended public purpose nor has construction of the proposed facilities begun.

Before addressing the merits of the Assessment Board's appeal, we must first consider the motion to quash and dismiss the action filed by the Township. In that motion, the Township asserts that the Assessment Board lacks standing to appeal.

■ Section 519 of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. § 5020–519, provides that any owner of real estate or taxable property, or any county, city, borough, town, township, school district or other public corporation may appeal from the judgment of the court of common pleas in any matter affecting the assessment of taxes on said property. Thus, under Section 519 of The General County Assessment Law, it would appear that the Assessment Board lacks standing to bring this appeal.

However, Section 9(b) of the Third Class County Assessment Law (Law), Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. § 5350(b), which pertains to appeals from assessments in counties of the second class A and third class, provides that

[i]n any appeal by a taxable from an action by the board, the board shall have the power and duty to present a prima facie case in support of its assessment, to cross-examine the taxable's witnesses, to discredit or impeach any evidence presented by the taxable, *to prosecute or defend an appeal in any appellate court and to take any other necessary steps to defend its valuation and assessment.* (Emphasis added.)

The Township suggests that because it sought an exemption from taxation under Section 204(a)(7) of The General County Assessment Law, 72 P.S. § 5020–204(a)(7), the Law is inapplicable. We disagree.

The Law does not set forth any specific sections allowing for exemptions from taxation. Thus, in order to apply for an exemption, the provisions of The General County Assessment Law must be followed.

With regard to appeals, however, the Law authorizes the Assessment Board to

"prosecute or defend an appeal in any appellate court." While this may seem inconsistent with The General Assessment Law which limits the persons and entities that may appeal, the Law is controlling. Section 105 of The General Assessment Law, 72 P.S. § 5020–105, provides that

[w]henever the provisions of [The General Assessment Law] are inconsistent with any law relating to or administered by any board of revision of taxes, or board for the assessment and revision of taxes, in counties of the first, second or third class, the laws relating to and administered by such boards, and not included in this act, shall apply, and the inconsistent provisions of this act shall not apply to such classes of counties, but shall be in full force as to all other classes of counties, except as affected by local laws.

See also *Truck Terminal Motels of Amer., Inc. v. Berks County Bd. of Assessment Appeals*, 127 Pa.Cmwlth. 408, 561 A.2d 1305 (1989) (contrary to The General County Assessment Law, the Third Class County Law provided that a party may appeal from any decision of an assessment board or court of common pleas as though it had been a party to the proceedings before such board or court, even though it was not such a party in fact. Thus, the school district that did not intervene in appeal before the Assessment Board was permitted to bring an appeal before the Commonwealth Court.)

Because Section 9(b) of the Law confers appeals rights on the Assessment Board, the Township's motion to quash and dismiss the appeal is denied.

Turning to the merits of the case, the Assessment Board first maintains that the trial court erred in modifying its decision granting the property tax exempt status

beginning January 1, 2004 for county and township taxes and July 1, 2004 for school taxes. The trial court's order made the effective dates January 1, 2003 and July 1, 2003, respectively.

■ The Assessment Board contends that as of the date the Township filed the application for tax exempt status, which was prior to September 1, 2002, it did not own the property and that, as of the date of its hearing on the application, the deed transferring the property from Zions United Church to the Township had not been recorded in the Recorder of Deeds Office.

The parties stipulated that as of the December 5, 2002 Assessment Board hearing on the Township's application, the Township had completed its purchase of the property on October 22, 2002 and the deed had been conveyed. Because the Assessment Board knew at its December hearing that the Township was the legal owner of the property, its claim that there was uncertainty as to the property's ownership until the deed was filed must fail.

■ In Pennsylvania, delivery of the deed makes it legally operative. *Atiyeh v. Bear*, 456 Pa.Super. 548, 690 A.2d 1245 (1997). "[R]ecording of a deed is not essential to establish its validity; title to real estate may be passed by delivery of the deed without recording it." *Sovereign Bank v. Harper*, 449 Pa.Super. 578, 674 A.2d 1085, 1092 (1996); *Graham v. Lyons*, 377 Pa.Super. 4, 546 A.2d 1129 (1988). Consequently, as of October 22, 2002, the Township became legally responsible for payment of the taxes associated with the property for the remainder of 2002 and thereafter. The actual recording date of the deed bears no relevance to ownership of the property.[1] Therefore, the trial

---

1. Moreover, the deed to the property was filed on December 18, 2002, over a month before

the Assessment Board rendered its determina-

court did not err in determining that the Assessment Board should have considered that the Township was the legal owner of the property in October of 2002 when contemplating its decision to grant the property tax exempt status.

In its second argument on appeal, the Assessment Board contends that it did not err in granting the property tax exempt status effective in 2004 because the property is not currently being used for public purposes. Section 204(a)(7) of The General Assessment Law generally provides that all public property used for public purposes shall be exempt from all county, city, borough, town, township, road, poor and school taxes. The question of entitlement to tax exemption is a mixed one of law and fact. *Trustees of the Univ. of Pennsylvania v. Bd. of Revision of Taxes of the City of Philadelphia,* 168 Pa. Cmwlth. 49, 649 A.2d 154 (1994). Absent an abuse of discretion or lack of supporting evidence, the decision of the court of common pleas is binding on the reviewing court. *Id.*

In determining whether the property was "under construction" or currently being used for public purposes, the trial court relied on our decision in *Senior Citizen Health Care Council v. Bd. of Tax Assessment Appeals of Erie County, Pennsylvania,* 678 A.2d 430 (Pa.Cmwlth. 1996). We believe that the trial court's reliance on *Senior Citizen* was well-placed.

In that case, the Senior Citizen Health Care Council (council), a non-profit corporation, occupied property owned by the City of Erie. The City sold the property and council needed to relocate. In October of 1994, it purchased property formerly owned by a physician and then proceeded to hire architects to prepare plans for renovation work. Because federal funds

were involved, council was required to advertise for bids. A challenge to the bid proceedings was taken by a third party, which resulted in a court order requiring that council re-advertise the bid request in February 1995.

In the interim, council filed an application for tax exempt status of its new property. The Board of Tax Assessment Appeals of Erie County denied the request without explanation. On appeal, the court of common pleas reversed, concluding that council had demonstrated a good faith effort to commence development of the property for its intended use. Thus, the property was entitled to tax exemption.

On appeal in *Senior Citizen,* we affirmed the court of common pleas. We noted that the council has expended significant sums in hiring and architect and soliciting bids as to overcome any question as to the speculative nature of the project.

In the case *sub judice,* the Township has taken even more steps to show its commitment to using the property for the public good. The Township intends to use the property as a youth athletic complex for the Strausstown and Township area. Upon application by the Township, the Berks County Commissioners approved a community development block grant in the amount of $265,000 on the condition that the Township owned the property. In September of 2002, the Borough of Strausstown approved the Township's subdivision plan in order to separate its property from the remaining property of Zions United Church. The Township engineer prepared and submitted to the Township a budget for the construction of the athletic complex and the Township further prepared a land development plan depicting the proposed facility. Additionally, the Township entered into a 99-year lease with Northern Berks allowing Northern

tion granting the property tax exempt status.

(O.R. Item 1, Exhibit A)

Berks and its sublease, Strausstown Athletic Association, to assume development and utilization of the property for the athletic fields and ancillary facilities. Thus, it is clear that the Township has undertaken significant steps to evidence its commitment to developing the property for public purposes.

Based on the foregoing, we cannot conclude that the trial court erred in determining that the property was "under construction" and, therefore, entitled to tax exempt status effective January 1, 2003 and July 1, 2003. *Senior Citizen.*

The order of the Court of Common Pleas of Berks County is affirmed.

**ORDER**

AND NOW, this 23rd day of February, 2004, the Motion to Quash and Dismiss the Appeal filed on behalf of Upper Tulpehocken Township is DENIED. It is further ordered that the August 22, 2003 order of the Court of Common Pleas of Berks County is AFFIRMED.