**Gochal v. Monroe County Tax Claim Bureau**

C.P. of Monroe County, no. 7575 Civil 2006.

*Aaron DeAngelo,* for petitioner.
*Anthony Roberti,* for respondents.

MILLER, *J.,* February 22, 2007—

## I. FINDINGS OF FACT

(1) In 1971, petitioner, Vera M. Gochal, and her then-husband Allan Gochal took title to a parcel of land situate in Middle Smithfield Township, Monroe County, Pennsylvania, identified as a one-acre parcel, described as Lot M 193 and identified as tax code parcel 9/10A/1/97.

(2) When the petitioner failed to make payment of the real estate taxes, the Monroe County Tax Claim Bureau scheduled an upset tax sale for the premises for September 14, 2005. The property was not sold and the Monroe County Tax Claim Bureau then scheduled a judicial sale in 2006. W.P. Investments LLC purchased the property at the judicial sale in April of 2006.

(3) During petitioner's over 30 years of ownership of this property, she has resided at 136 Rector Street, Perth Amboy, New Jersey 08861. Petitioner and her husband, Allan Gochal, were divorced by decree of a New Jersey court in 1996. An amended decree was filed in 1998 wherein as part of the property settlement, petitioner received the Middle Smithfield Township property.

(4) Petitioner's former husband deeded the property to her in 1998. (Petitioner's exhibit no. 2.) Petitioner forwarded the signed and acknowledged deed to an attorney in Monroe County along with filing fees. However, the attorney advised her that the filing fees would be deducted from an outstanding legal bill and until the petitioner forwarded an additional $700 the deed would not be recorded. The deed is presently still in the attorney's file.

(5) Plaintiff's former husband, Allan Gochal, moved to Florida in 1997.

(6) Petitioner received the tax bills and paid all real estate taxes after the divorce through 2004.

(7) In September of 2005, unknown to petitioner, her former husband notified the Monroe County Tax Assessment Office of a change of address. (Petitioner's exhibit no. 4.)

(8) While petitioner's name was nowhere on the address change, all tax notices to her and her former husband from that date were then forwarded to his De Bary, Florida address. Petitioner received no notice of the tax sale or judicial sale. Petitioner did not become aware that the property was sold at judicial sale until sometime in May of 2006 when a neighbor who was interested in purchasing the property contacted her and advised her that the property had been sold.

(9) On September 27, 2006, petitioner filed exceptions to the April 2006 judicial sale and a petition to set aside the sale alleging that the tax claim bureau failed to follow the provisions of the Real Estate Tax Sale Law with respect to notice.

(10) On February 7, 2007, this court held a hearing and testimony was taken. The petitioner was represented

at the hearing by Aaron DeAngelo, Esquire and W.P. Investments LLC was represented by Anthony Roberti, Esquire. The tax claim bureau did not appear and was not represented by counsel at the hearing.

(11) Petitioner and buyer submitted as a joint exhibit a certified copy of the records of the Monroe County Tax Claim Bureau regarding notice and advertising of this particular property.

## II. DISCUSSION

Our Commonwealth Court in the case of *In re Tax Claim Bureau, Appeal of Stephens,* 53 Pa. Commw. 423, 419 A.2d 206 (1980), reversed the order of the Greene County trial court who declared a tax sale to be valid. In that case, the husband and wife were not living together at the same address and were divorced a few months before the sale, but notices were sent to husband when he unilaterally requested the taxing authorities to change the property owner's address.

In our case, petitioner's former husband unilaterally requested an address change for property in which he no longer had ownership interest. *Fiore v. Fiore,* 405 Pa. 303, 174 A.2d 858 (1961) (although conveyance not recorded, recording of deed is not essential to its validity or to the transition of title); *Matter of Pentrack's Estate,* 486 Pa. 237, 405 A.2d 879 (1979) (title to real estate may be passed by delivery of a deed without undertaking a recording).

The records of the Monroe County Tax Claim Bureau also show that the bureau was on notice in August of 2005 that Allan Gochal resided in De Bary, Florida and "Vera" Gochal resided in Perth Amboy, New Jersey. (See

joint exhibit no. 1, p. 50.) Yet, the notices of the sale mailed in February of 2006 were to be sent to petitioner at her former husband's Florida address. (Joint exhibit no. 1, pp. 16, 17.) The bureau's file also reflects that while a notice was to be sent to petitioner, both her notice and the notice to Allan Gochal were addressed to Allan and signed for by him on February 27, 2006. (Joint exhibit no. 1, pp. 1, 2.) Thus, petitioner had no notice of the sale.

It has been said many times that the strict provisions of the Real Estate Tax Sale Law are never meant to punish taxpayers who omitted through oversight or error (from which the best of us are never exempt) to pay their taxes. Tax acts were rather meant to protect the local government against willful, persistent long-standing delinquents for whom we have no sympathy, and to whom the appellate court decisions have consistently given short shrift. *Ross Appeal,* 366 Pa. 100, 76 A.2d 749 (1950). Obviously, the notice provisions are there to assure that no one is deprived of property without due process of the law and while we do not disagree with the buyer that the bureau is under no duty to determine whether a married couple is now divorced, the fact remains that the bureau is under a duty to give notice to each property owner of a pending sale. That was not done here. The fair implication from the record in the instant case is that Mr. Gochal unilaterally requested the tax authorities to change the property owner's address many years after the divorce. The address to which the notices were sent is his address where he resided. One partner to a former marriage cannot deprive another of property rights by acting for himself to the detriment of the other by changing an address for tax purposes. Whatever the

bureau may or may not have been required to do by way of inquiry in these particular circumstances, the law cannot permit a person to be deprived of her property without due and timely notice. That is precisely what happened here. To pursue the issue of who was at fault misses the mark. The real issue is whether there was due and timely notice to the petitioner and it is clear that there was not.

The only argument the buyer seems to make is that while Vera Gochal has filed exceptions to the sale, Allan Gochal has not and therefore the buyer bought Allan Gochal's interest at the tax sale. As we stated above, Allan Gochal had no interest in this property at the time of the tax sale. He deeded the property, delivered the deed and gave up any interest he had in the property many years before. The fact that the deed has not been recorded is of no relevance. Accordingly, we enter the following order.

## ORDER

And now, February 22, 2007, the petition of Vera M. Gochal to set aside the judicial sale of her property situated in Middle Smithfield Township, Monroe County, Pennsylvania, identified as Tax Code Parcel 9/10A/1/97, is granted.

The Monroe County Tax Claim Bureau shall apply all funds on deposit toward the payment of all outstanding taxes and costs of the sale and return to the respondent, W.P. Investments LLC, all sums paid by it at the time of the sale.