

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-6-2008

# McAbee v. McAbee

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3064

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"McAbee v. McAbee" (2008). *2008 Decisions*. Paper 1268.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1268

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3064

PRESTON D. McABEE,

Appellant.

v.

CAROLE J. McABEE

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 05-cv-02117)
District Judge:  Hon. Legrome D. Davis

Submitted under Third Circuit LAR 34.1(a)
on January 18, 2008

Before:  SCIRICA, Chief Judge, BARRY and ROTH, Circuit Judges

(Opinion filed: May 6, 2008)

**O P I N I O N**

**ROTH**, <u>Circuit Judge</u>:

Preston McAbee appeals the dismissal of his suit against Carole J. McAbee. The two jointly owned certain real property at the time of their divorce in 1992. They entered into an agreement as to the disposal of the property in 1992 and modified that agreement in 1995. Preston now claims that Carole breached the 1995 agreement. Because we agree with the District Court that the ownership of the property is not in question and that the remaining claims do not rise to the amount required for diversity jurisdiction, we will affirm.

## I. **BACKGROUND**

Because we write primarily for the benefit of the parties, we will only briefly revisit the facts here. During their marriage, Preston and Carole jointly owned property at 708 Andover Court, West Chester, Pennsylvania.

On June 4, 1992, Preston and Carole entered into a written agreement memorializing the terms of their divorce settlement. The agreement permitted Carole to reside exclusively in the property for up to three years, during which time she was required to put the house on the market in order to sell it prior to the expiration of those three years. Pending the sale of the home, Carole was required to pay the mortgage payments, including the homeowner's insurance and taxes and associated homeowner's fees. In the event the house was not sold at the end of the three year period, Preston was responsible for marketing the property for sale. Preston was also required to pay Carole alimony pending the sale of the property and immediately afterwards.

2

On August 14, 1995, Preston and Carole executed a written addendum to the 1992 agreement. The addendum modified the obligations imposed on the parties by the 1992 agreement. In exchange for receiving an executed deed from Preston transferring sole ownership of the property to Carole, Carole agreed to pay Preston $16,000 to be primarily responsible on the mortgage, and to indemnify and hold Preston harmless on any debt related to the mortgage. The parties expressly agreed that this constituted full satisfaction of any obligation to divide the real estate or to pay further alimony under the 1992 agreement. The addendum made no reference to recording the executed deed.

In August 1995 Carole paid the $16,000 to Preston pursuant to the addendum. Preston executed a deed transferring ownership of the property to Carole, and delivered the executed deed by mail to Carole's counsel. Preston also signed a letter addressed to the mortgage holder stating that Carole was assuming the mortgage and title of the property, and that Preston waived any rights to money in escrow.

The 1995 deed was never recorded. Despite delivery of the 1995 deed, Preston continued to receive certain bills associated with the property, including electric bills, bills for mortgage payment, and notice of a judgment against Preston for failure to pay homeowners' fees. Preston paid some of these bills and wrote two letters to Carole's attorney to resolve this situation, specifically demanding that his name be removed from all official records establishing co-ownership of the property. Preston did not receive a response.

Preston filed a complaint against Carole on May 4, 2005, seeking (1) specific

3

performance of the 1992 agreement in the form of the sale of the premises; (2) transfer of title to Carole to avoid the incurrence of condominium fees, liability, and other expenses; and (3) equitable relief in the form of an order permitting Preston, his appraiser, and other agents to access the premises. Carole filed a counterclaim seeking an Order requiring Preston to execute a new deed transferring sole title of the property to Carole.[1]  On March 22, 2006,Carole filed a motion for summary judgment.  After holding a hearing, the District Court found that Preston was not entitled to specific performance on the 1992 agreement, and that Preston's other claims and Carole's counterclaim must be dismissed for lack of subject matter jurisdiction.  Because ownership of the house was not at issue (as Pennsylvania law provides that an executed and delivered deed suffices to transfer ownership), none of the remaining claims reached the $75,000 amount in controversy requirement for diversity jurisdiction.

Also, during the discovery period Preston filed various motions to compel and for sanctions.  Several of these motions were granted, and Carole did not comply with Preston's discovery requests. The District Court imposed sanctions in the amount of the attorney's fees and costs of Preston, and dismissed the various motions to compel as moot.

## II.  **DISCUSSION**

We review a district court's grant of summary judgment de novo. *Gottshall v. Consol.*

---

[1]Carole alleged in her Counterclaim that she no longer had the deed to her in her possession.

*Rail Corp.*, 56 F.3d 530, 533 (3d Cir.1995). Summary judgment is only appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In reviewing the District Court's grant of summary judgment, we view the facts in a light most favorable to the non-moving party. *Gottshall*, 56 F.3d at 533. When determining whether the District Court had subject matter jurisdiction over a particular case, we consider that question de novo. *Shaffer v. GTE N., Inc.*, 284 F.3d 500, 502 (3d. Cir.2002); *In Re Phar-Mor, Inc., Sec. Litig.*, 172 F.3d 270, 273 (3d. Cir.1999).

The first issue is whether Preston could prevail on his claim that he is entitled to specific performance (in the form of the sale of the property) pursuant to the 1992 agreement. He cannot. The 1995 addendum by its terms superseded the 1992 agreement in all matters related to the property. In addition, Preston alleges no actions by Carole that would constitute a breach of the addendum.

The addendum required only that Carole pay Preston $16,000 within seventy-two hours of receiving an executed deed and to indemnify and hold Preston harmless on any debt related to the mortgage. It is clear that Preston signed, executed, and delivered the 1995 deed and that Carole made the payment. It is also clear that, under Pennsylvania law, the delivery of the 1995 deed transferred sole ownership of the property to Carole, making Carole legally responsible for all debts associated with the property. *See Upper Tulpehocken Twp. v. Berks County Bd. of Assessment Appeals*, 842 A.2d 1041, 1044 (Pa. Commw. Ct. 2004); *Graham v. Lyons*, 546 A.2d 1129, 1130 (Pa. Super. Ct. 1988). Accordingly, Preston could not prevail

5

even in the most favorable interpretation of the facts, and Carole was entitled to summary judgment.

The second issue is whether the District Court had subject matter jurisdiction over any of the other claims in this case. To establish subject matter jurisdiction pursuant to diversity of citizenship, no parties may share citizenship of the same state, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. A case may be dismissed for failure to meet the jurisdictional amount requirement only if there is a legal certainty that the amount will not be met. *Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Preston and Carole have diversity of citizenship (Preston is a citizen of Georgia, while Carole is a citizen of Pennsylvania), but none of their claims reach the jurisdictional amount. Under Pennsylvania law, it is certain that the title of the property itself is not in question. The remainder of the damages alleged by Preston are less than $25,000 in total. As this is well short of the jurisdictional amount, dismissal for failure to establish subject matter jurisdiction was appropriate.

The final issue is whether the sanctions imposed against Carole for discovery violations were proper. We review the imposition of sanctions for abuse of discretion. *Saldana v. Kmart Corp.*, 260 F.3d 228, 236 (3d Cir. 2001). The Federal Rules of Civil Procedure provide that the court "must order the disobedient party ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2).

6

The imposition of other sanctions is left to the discretion of the District Court. *Id*. The District Court required that Carole pay Preston's expenses, declined to impose further sanctions, and dismissed the outstanding motions to compel as moot. These actions were well within the range of discretion accorded to the District Court and do not constitute an abuse of discretion.

## III. <u>CONCLUSION</u>

For the foregoing reasons, we will **affirm** judgment of the District Court.