J-A07022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| JACK STANLEY, JR., AND ERIC STANLEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| JACK D. STANLEY AND MAXINE STANLEY, HUSBAND AND WIFE, SHANE DEVER AND PAMELA STANLEY | |
| Appellees | No. 584 WDA 2015 |

Appeal from the Order Entered March 9, 2015
In the Court of Common Pleas of Greene County
Civil Division at No(s): AD-762-2014

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 28, 2016**

Appellants, Jack Stanley, Jr. and Eric Stanley, appeal from the March 9, 2015 order sustaining preliminary objections filed by Appellees, Jack D. Stanley, Maxine Stanley, Shane Dever and Pamela Stanley, to their amended complaint and dismissing the amended complaint.  After careful review, we reverse and remand for further proceedings.

We summarize the factual background of this case, as related in the pleadings, as follows.  Appellees, Jack D. Stanley and Maxine Stanley (Parents), are the parents of Appellants and Appellee, Pamela Stanley (Sons, Daughter, or collectively Children).  Pamela Stanley is the mother of Appellee, Shane Dever (Grandson).  In January 2004, Parents determined to convey, as a gift, their 40% interest in certain real estate located in Franklin

Township, Greene County, Pennsylvania (the Property) in equal shares to Children. At the time, Parents instructed their accountant, William Kania, of W.B. Kania & Associates, to prepare the deed to effect the transfer.[1] Parent's Federal Gift Tax return for 2004 reflected their gift of the real estate to Children. Notwithstanding the instructions to Kania, no deed was prepared or executed at that time. Nevertheless, commencing in January 2004, Children received 40% share of the rental income of the Property and contributed 40% share of the expenses. In May 2012, Sons became aware that a deed for transfer of the Property had not been executed. Sons therefore arranged for the preparation of a deed and sent it to Parents, who resided in Florida, for execution. The deed was executed and returned to Sons for recording. However, the deed was "incorrectly executed" and was consequently returned to Parents for correction. Parents never completed a corrected deed. Subsequently, by deed dated and recorded on May 28, 2013, Parents conveyed the Property to Grandson.[2] After May 28, 2013, through actions of Daughter, the 40% share of the income from the Property has been paid to Grandson.

Procedurally, this case progressed as follows. The instant matter commenced when Appellants filed a complaint on October 15, 2014 against

---

[1] William Kania is a co-owner of the Property.

[2] The May 28, 2013 deed contained an erroneous county tax parcel number. A corrective deed was recorded June 5, 2013.

Appellees. On November 4, 2014, Appellees filed preliminary objections, averring Appellants failed to separate claims into distinct counts, failed to plead a basis for monetary damages, failed to attach required writing, and failed to plead with sufficient specificity.

On November 25, 2014, prior to any argument or disposition of Appellees' preliminary objections, Appellants filed an amended complaint. Therein, Appellants included a count to quiet title, two counts for conversion, and a count for unjust enrichment. Appellees filed preliminary objections to the amended complaint on December 12, 2014. Therein, Appellees included an objection in the nature of a demurrer challenging the legal sufficiency of Appellants' averment of a gift of the subject real estate.[3] Appellants filed a response to the preliminary objections on January 2, 2015. On March 9, 2015, after considering the preliminary objections, response and the parties' briefs, the trial court sustained the demurrer, concluding that no delivery of a deed to the subject property was made to Appellants, precluding a finding that a gift was made. Trial Court Order, 3/9/15, at 1. Appellants filed a timely notice of appeal on April 7, 2015.[4]

_____

[3] Appellees also included an objection to Appellants' unjust enrichment claim and their claim for attorney fees. Preliminary Objections to Plaintiffs' Amended Complaint, 12/12/14, at 3. Those objections were subsequently withdrawn. Trial Court Order, 3/9/15, at 1.

[4] Appellants and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Appellants raise the following issues for our review.

1. Whether the Trial Court erred in considering [Appellees'] Preliminary Objections to [Appellants'] Amended Complaint, which included an objection to the sufficiency of [Appellants'] quiet title action when [Appellees] could have, but failed to, raise this objection to the original Complaint?

2. Whether the Trial Court erred in sustaining [Appellees'] Preliminary Objection to the legal sufficiency of [Appellants'] quiet title claim contained in the Amended Complaint by determining that the gift to [Appellants] of the interest in the subject property was ineffective as a matter of law?

3. Whether the Trial Court erred in dismissing the Amended Complaint in its entirety when [Appellees] did not assert Preliminary Objections as to all of the causes of action contained therein?

4. Whether the Trial Court erred in dismissing the Amended Complaint in its entirety without providing [Appellants] with leave to amend the pleading?

Appellants' Brief at 4.

We first take note of the following principles, guiding our consideration of these issues.

[O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which

- 4 -

> seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Richmond v. McHale*, 35 A.3d 779, 783 (Pa. Super. 2012), *quoting*

*Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011).

In their first issue, Appellants contend that Appellees waived their preliminary objection in the nature of a demurrer to the quiet title count in Appellants' amended complaint. Appellants' Brief at 16. They argue that the grounds asserted in Appellees' preliminary objections to the amended complaint could have been raised in their preliminary objections to the original complaint. *Id.* at 16-17. "Accordingly, where a preliminary objection to an amended complaint attacks, for the first time, matters that were raised in the original complaint, the objection has been waived." *Id.* at 16, *citing* **Pa. Dept. of Transp. v. Bethlehem Steel Corp.**, 380 A.2d 1308, 1310-1311 (Pa. Cmwlth. Ct. 1977) (holding that "[p]reliminary objections to an amended complaint may not include matters which appeared in the original"); *see also* Pa.R.C.P. 1028(b), (c) (providing in part that "[a]ll preliminary objections shall be raised at one time," but that "[i]f a party has filed an amended pleading as of course, the preliminary objections to the original pleading shall be deemed moot").

This Court has clarified, however, that the foregoing rule is not offended where the trial court did not rule on the original preliminary objections before a party of its own volition files an amended pleading. *Martin v. Gerner*, 481 A.2d 903, 906-907 (Pa. Super. 1984). In *Martin*, the plaintiff objected to the defendant's second set of preliminary objections, filed after the plaintiff amended the original complaint, on the ground they were not raised in the defendant's original preliminary objections. *Id.* at 906. Because the trial court had not ruled on the original preliminary objections before the plaintiff filed an amended complaint, we held as follows.

> Goodrich-Amram succinctly sets forth the situation we have in this case at 2 Goodrich-Amram 2nd, 1033: 6 as follows:
>
> > When the plaintiff voluntarily amends his complaint to meet objections by the defendant additional objections which may have been available to the original complaint may be filed, on the theory that the court has not yet ruled on the preliminary objections. *Until the court enters an order based upon them, additional objections and additional reasons may be added, for this is not a serial objection. The dilatory pleading is still confined to a single stage.*

*Id.* at 906-907 (Emphasis added in *Martin*). Instantly, we confront the same scenario and deem *Martin* to be controlling. We therefore conclude the trial court did not err in addressing the merits of Appellees' preliminary objection in the nature of a demurrer.

In their second allegation of error, Appellants assert that the trial court erred as a matter of law in concluding they failed to adequately plead that Parents had completed the gift of the Property to Children. Appellants' Brief at 18. Specifically, Appellants argue, "[b]ecause the Amended Complaint sets forth clear and sufficient facts that, if proven, will establish that [Children] are the true and correct owners of the [Property] pursuant to the Gift, the Trial Court erred in granting [Appellants'] demurrer." *Id.*

The trial court found that Appellants "admit that delivery of a deed never occurred." Trial Court Opinion, 7/14/15, at 3. Because delivery is an essential element in consummating a gift, the trial court concluded that Appellants "have presented no evidence to cure this fatal defect in their amended complaint and as such, their complaint is legally insufficient to establish an ownership interest," upon which their action is dependent. *Id.* at 3.

> A valid *inter vivos* gift of real estate has two components: "(1) a donative intent upon the part of the grantor [and] (2) a delivery of the deed to the grantee, either actual or constructive, which divested the donor of all dominion over the property and invested the donee therewith." ***Fiore v. Fiore***, 405 Pa. 303, 305-06, 174 A.2d 858, 859 (1961).

***In re Padezanin***, 937 A.2d 475, 480 (Pa. Super. 2007).

> Without a complete delivery during the lifetime of the donor, there can be no valid gift inter vivos. Though every other step be taken that is essential to the delivery of the gift, if there is no delivery; the gift must fail. Intention cannot supply it; words cannot supply it; actions cannot supply it. It is an

indispensable requisite, without which the gift fails, regardless of consequence.

*In re Stewart's Estate*, 163 A. 754, 756 (Pa. 1932) (internal quotation marks and citations omitted).  However, "the recording of a deed is not essential to its validity or to the transition of the title."  *Fiore, supra* at 859. Therefore, the ability to record a deed is not an element of delivery or of perfecting a gift, because recording concerns constructive notice to subsequent purchasers, mortgagors, or creditors.  *See Matter of Pentrack's Estate*, 405 A.2d 879 (Pa. 1979).

After a thorough review of the pleadings, we conclude the trial court failed to apply all "inferences reasonably deducible" from the allegations in Appellants' amended complaint relative to delivery of the alleged gift. Specifically, Appellants averred as follows.

> 14.   In May, 2012 [Appellants] caused a deed for the [Property] to be prepared to memorialize of record in Greene County, Pennsylvania the transfer of ownership of the [Property] gifted to the [Children] on January 3, 2004 at the suggestion of William Kania and at the direction of [Parents] and delivered same to [Parents] for execution and delivery for recording in the Office of the recorder of Deeds of Greene County, Pennsylvania.
>
> 15.   The deed referred to in Paragraph 14 hereof **was executed and returned to** [**Appellant**] **Jack Stanley, Jr. for delivery and recording** by [Parents].  The said deed was incorrectly executed by [Parents].  Upon being informed of the error in execution they advised [Appellant] Jack Stanley, Jr. they would correctly execute and deliver the deed when they returned to Pennsylvania from Florida.

16. Despite causing a new deed for the gifted [Property] to be prepared by [Appellants] and delivering same to [Parents] for execution and delivery upon return to Pennsylvania as represented, [Parents] have refused and/or neglected to execute and deliver the deed to the gifted [Property] to [Children] for recording.

Amended Complaint, 11/25/14, at 4-5 ¶¶ 14-16 (emphasis added).

In the foregoing paragraphs, Appellants aver that the May 2012 deed was executed by Parents, albeit "incorrectly." It is a reasonable inference from the entire pleading, however, that Parents signed the deed in sufficient manner to accomplish the gift of the Property, but not in a manner that permitted proper recording of the deed.[5] Additionally, the amended complaint clearly avers that Parents sent the May 2012 deed to Jack Stanley, Jr., thus constituting delivery of the gift. *Id.* Therefore, the trial court's conclusion, that Appellants conceded that delivery of the deed never took place, is unsupported. The averments in the paragraphs of the amended complaint, relied on by the trial court, arguably refer to Parents' refusal to complete a corrected deed of the already completed gift. *See*, *e.g.*, *id.* at 5 ¶¶ 18, 20.

_____

[5] We recognize that Appellants' amended complaint is not specific about how the execution of the May 2012 deed was incorrect and that a copy of the May 2012 deed was not attached. However, Appellees, in their preliminary objections to Appellants' amended complaint did not include an objection for failure to attach a writing upon which a claim is based, or for insufficient specificity in the pleading. *See* Preliminary Objections to Plaintiffs' Amended Complaint, 12/12/14, at 1-4.

We determine that, when viewing the amended complaint under the proper standard, this is not a case in "which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." **See Richmond**, **supra**.  We consequently conclude the trial court erred in sustaining Appellees' preliminary objection in the nature of a demurrer, and in dismissing Appellants' amended complaint.  We therefore reverse the trial court's March 9, 2015 order and remand for further proceedings.[6]

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judge Jenkins joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2016

_____

[6] Because of our disposition of Appellants' second issue, we need not address their remaining claims of error.

- 10 -